J. A. McCOLMAN v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 21 May, 1909.)

Carrier of Passengers — Contracts — Charterer of Trains — Negligence—Verdict—Exemplary Damages—Immaterial as to Issue.

In an action for exemplary damages for the alleged wanton and willful failure of defendant carrier to comply with its contract to furnish and run for plaintiff an excursion train, the verdict of the jury, under competent evidence and a properly framed issue, finding that the defendant was not guilty of any breach of duty thereunder, puts an end to the action and renders unnecessary the form of the issue submitted upon the question of defendant's wanton and willful acts.

ACTION tried before *Long, J.,* and a jury, at October Term, 1908, of SCOTLAND.

The record discloses the following case:

Plaintiff, on 5 July, 1904, entered into a contract with defendant company as "charterer" of an excursion train, consisting of one baggage car and not less than five passenger coaches, to be run from Gibson, N. C., to Wilmington, N. C., and return. The schedule was set out in the contract, "subject to such changes as may be made necessary for the safe operation of the train by other train schedules of the company and such unavoidable delays as may be occasioned by damages to the equipment of the company." The other provisions of the contract are not

material to the decision of this appeal. The train was fur-
nished in accordance with the contract, and the excursion run
on 27 July, 1904. It seems that, by reason of the weight of the
rails on the portion of the road from the main line to Gibson,
it was necessary to use a light engine, which was exchanged at
Fayetteville for another of heavier weight. On the return trip,
when the train reached Fayetteville, some difficulty was expe-
rienced in making the exchange, and a delay occurred of some
five hours, from 11 o'clock P. M. until sometime the following
morning. The plaintiff alleged that the engine was defective
and of insufficient capacity, that the cars were not supplied with
water, and that in this and other respects the defendant com-
pany was guilty of reckless, wanton and willful negligence,
whereby he sustained large damages, etc. The plaintiff, in apt
time, requested the court to submit the following issues to the
jury:

1. "Did the defendant wrongfully fail to transport the plain-
tiff, as alleged in the complaint?

2. "Was the failure to transport the plaintiff willful and
wanton?

3. "What compensatory damages, if any, is the plaintiff enti-
tled to recover?

4. "What exemplary damages, if any, is the plaintiff entitled
to recover?"

The court declined to submit the issues, and the plaintiff
excepted. The following issues were submitted to the jury:

1. "Was the plaintiff injured by the negligence of the defend-
ant, as alleged in the complaint?

2. "Was the plaintiff injured by the wanton and willful negli-
gence of the defendant, as alleged in the complaint?

3. "What damages, if any, has plaintiff sustained?"
Plaintiff excepts.

The jury responded to the first issue "No," and did not answer
the second and third. Judgment was rendered, upon the ver-
dict, for defendant, and plaintiff excepted and appealed. The
exceptions are discussed in the opinion.

*Gibson & Russell* for plaintiff.
*McLean, McLean & Snow* for defendant.

McColman v. Railroad.

CONNOR, J. The plaintiff noted a number of exceptions to the ruling of his Honor upon the competency of testimony. They were not pressed on the argument, and we find no merit in them. It was conceded that plaintiff did not sustain any substantial damage other than inconvenience and discomfort. The portion of the charge to which exception was taken and pressed upon our attention is as follows: "The plaintiff must also show that he received injuries as the direct and proximate cause of the alleged negligence by the defendant." "Has the plaintiff satisfied you, by the greater weight of evidence, that the defendant was negligent, and has he also satisfied you, by the greater weight of evidence, that as the result and proximate result of that negligence that he himself suffered the injuries of which he complains? If so, your answer to this issue would be 'Yes.' But if he failed to so satisfy you, by the greater weight of evidence, your answer to the first issue would be 'No.'" The learned counsel earnestly contends that if his Honor had submitted the issues tendered by him, and the jury had found that defendant was guilty of a breach of the duty which it owed him as a passenger, he would have been entitled to nominal damages, which would have entitled him to ask for punitive damages upon the theory that the negligence was willful and wanton. The difficulty which he encounters is found in the fact that upon a properly framed issue the jury acquit the defendant of any breach of duty or negligence. It is difficult to see how the question of punitive damages can arise when no cause of action is established. The plaintiff's rights and the defendant's duty are fixed by the terms of the contract, and this the jury finds has not been broken. This put an end to the action.

We have examined the record and find

No Error.